IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Donna Marie Laniewski           :

   Plaintiff               :

v.                              : Case No. 3:14-CV-1594

Commissioner of SSA
                                      : (Judge Richard P. Conaboy)

   Defendant.              :

---

**Memorandum**

We consider here Plaintiff's counsel's Motion for Attorney's Fees (Doc. 27) incident to his successful representation of his client in an appeal from the decision of the Appeal's Council in the underlying claim for Social Security Disability Benefits. Counsel requests an Equal Access to Justice Act ("EAJA") attorneys fee in the amount of $8,440.60 and costs in the amount of $50.00 for a total reimbursement of $8,490.60.

The Government has opposed counsel's motion and argues, in the alternative, that either the Government's position in the instant case was "substantially justified" and Plaintiff's counsel is not entitled to any fees in this case or that, even if he is so entitled, the reasonable fee for his services is substantially lower than that $8,490.00 sought. (Doc. 28).

With respect to the argument that its position in this matter was "substantially justified", the Government observes correctly

1

that the EAJA does not automatically entitle claimant's counsel to fees simply because the Government lost on the merits. (Doc. 28 at 3).[1] Yet, the Government must make a "strong showing" that its position was "substantially justified" both in fact and in law. Tressler v. Heckler, 748 F.2d 146, 150 (3d. Cir. 1984). The facts of this case do not substantially justify the legal arguments the Government has made here.

It is a fundamental tenet of Social Security case law that the medical opinion of a treating physician is entitled to great weight, especially where, as in this case, a treating physician (Dr. Manganiello) had formed his medical judgment after a continuing observation of the Plaintiff's condition over a prolonged period of time. See 42 U.S.C. § 423(d)(1)(A); see also Morales v. Apfel, 225 F.3d 310, 317 (3d. Cir. 2000). It is equally fundamental that evidence is not substantial "if it is overwhelmed by other evidence - - particularly certain types of evidence (e.g., that offered by treating physicians)". Kemp v. Schweiker, 710 F.2d 110, 114 (3d. Cir. 1983). Having reviewed the medical evidence once again as well as our opinion remanding this case to the Commissioner, we conclude that the Commissioner's decision to subordinate the opinion of treating physician Manganiello, who had

---

[1] The Government does not contest that Plaintiff's counsel has demonstrated that the other precursors to an award of fees under the EAJA, that Plaintiff was a "prevailing party" and that he complied with the procedures and limitations of that act, are present in this case. See 28 U.S.C. § 2412 (d)(1)(A).

the benefit of <u>all</u> the diagnostic testing undergone by Plaintiff, to that of Dr. Tedesco, who merely reviewed <u>some</u> of Plaintiff's medical records, violated the fundamental precepts of Morales and Kent, supra.  Accordingly, Plaintiff's counsel is entitled to a fee award under the EAJA.

The Government also contests the size of the fee sought by Plaintiff's counsel.  Plaintiff's counsel has appended to his motion his firm's billing ledger regarding this matter.  The ledger demonstrates which attorneys worked on the case along with the identities of clerical personnel and paralegals who did likewise. The billing rates of each person, the tasks performed, and the hours expended on each task are itemized.  (Doc. 27-1, Exhibit C). The Government asks this Court to reduce the fees and costs payable to Plaintiff's counsel from $8,490.00 to $4,334.89, a sum the Government characterizes as a reasonable fee for the work expended by Plaintiff's counsel in this case. (Doc. 28 at 18).  The Government provides no rationale for how it determined how many hours Plaintiff's counsel worked on this matter.

Certainly fees and expenses under the EAJA must be reasonable (28 U.S.C. §§ 2412(b), (d)(2)(A)) and a district court has substantial discretion to fix the amount of an EAJA award. Commissioner V. Jean, 496 U.S. 154, 161 (1990).  The Government's first contention is that billing from May 15, 2014 to August 13, 2014 for 5.9 hours of paralegal and attorney time at a cost of

3

$733.40 was part of the administrative process and therefore non-compensable. (Doc. 28 at 11). Plaintiff counters that several district court cases stand for the proposition that, when counsel had not represented the Plaintiff in any prior Social Security proceeding, time expended pre-complaint in becoming familiar with the claimant's file is compensable. (Doc. 29 at 10). However, in this case, Plaintiff's counsel has acknowledged that it did provide prior representation to Plaintiff at the Appeals Council stage. Accordingly, the Court will disallow the $733.40 in fees for the period from May 15, 2014 through August 13, 2014.

The Government's second contention is that various time entries by attorneys seek compensation for tasks that are merely clerical in nature. (Doc. 28 at 12-13). Plaintiff responds that each of these entries concern documents generated by the Court or being prepared for the Court and, thus, required the attention of an attorney. (Doc. 29 at 11). The Court accepts Plaintiff's counsel's explanation in this regard but for the fact that the Government was billed for one tenth hour on two separate dates for the review of a Special Admissions Form. The Court will thus disallow compensation on this issue in the amount of $19.56.

The Government's final argument is that Plaintiff's counsel billed a clearly excessive 24.2 hours for drafting his brief to this Court. (Doc. 28 at 13-14). The Government characterizes the brief as a "cut-and-paste" rehashing of the brief Plaintiff's

counsel had submitted to the Appeals Council. (Id.). Plaintiff's counsel responds that the time expended on this task was "admittedly long", but that the attorney who was the laboring oar "has cerebral palsy which significantly inhibits the pace at which she can work." Given that acknowledgment, the Court must reduce this portion of the award to some extent. While the Court is sympathetic to the obstacles faced by the attorney in question, the Court finds no justification for billing the Government for more time than would be expended by the mythical "competent attorney" and Plaintiff's counsel has not furnished the Court with any authority for that proposition. Based upon its experience in these matters and a review of the brief in question, the Court determines that a reasonably competent attorney could have produced the brief in 16 hours of billable time.[2] Accordingly, 8.2 hours of billable time valued at $195.65 per hour ($1,603.92) will be deducted from the fee award on this issue.

    Finally, in his Reply Brief (Doc. 29 at 12), Plaintiff's counsel requests the additional fee of $1198.65 for 6.1 hours expended in drafting his Reply Brief. The Court finds this sum reasonable and notes that failing to allow for reasonable compensation to an attorney for his effort in perfecting his right

---

[2] While the Court clearly has the authority to reduce the fee in this matter (See Commissioner v. Jean, supra), there is no magical metric at the Court's disposal to determine this amount and the Court is not some omniscient being who can say with certainty how much time Plaintiff's counsel should legitimately have expended in preparing the brief.

to EAJA fees in the face of a government challenge would have a chilling effect on the willingness of attorneys to undertake representation of clients seeking Social Security Disability Benefits.

**Conclusion:**

Plaintiff's counsel's request for attorneys fees and costs in the amount of $8490.60 (initial fees and costs) and $1198.65 (preparation of the Reply Brief necessitated by the Government's opposition to the Motion for Attorney's Fees) will be granted subject to the aforementioned reductions totaling $2,356.88. The Court finds that the Plaintiff's counsel is entitled to an EAJA award in the amount of $7,332.37. An Order to this effect will be issued contemporaneously with this Memorandum.

BY THE COURT

_____
Honorable Richard P. Conaboy
United States District Court

Dated: 2/16/16

FILED
SCRANTON

FEB 1 6 2016

PER _____
DEPUTY CLERK